UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ERNESTO REYES HERNANDEZ,

Petitioner,

v. Case No. 3:26-cv-2184-MMH-SJH

WARDEN, NORTH FLORIDA DETENTION FACILITY and U.S. ATTORNEY GENERAL,

Respondents.

---

**ORDER**

Petitioner Ernesto Reyes Hernandez, an immigration detainee, initiated this action by filing a pro se Petition for Writ of Habeas Corpus (Doc. 1) on August 21, 2026. Reyes Hernandez, a citizen of Cuba, was paroled into the United States on March 17, 2023. Doc. 8-1 at 2. His parole expired on March 15, 2025. Id. United States Immigration and Customs Enforcement detained Reyes Hernandez on April 11, 2026. Id. The crux of Reyes Hernandez's Petition is that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).[1]

[1] The Federal Respondent understands the Petition to raise a claim under the Immigration and Nationality Act. See generally Doc. 8. Therefore, the Court construes the Petition to assert a claim under that statute. See United States v. Ogiekpolor, 122 F.4th 1296, 1304 (11th Cir. 2024) ("[Courts] liberally construe pro se filings.").

See Doc. 1 at 6–7. As relief, he seeks an individualized bond hearing or, in the alternative, immediate release. Id. at 8.

The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Reyes Hernandez, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Reyes Hernandez was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Reyes Hernandez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act. Within **seven days** of this Order, Respondents shall either afford Reyes Hernandez an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Reyes Hernandez, at least **five (5) hours** before releasing him,

Respondents shall provide him with access to a telephone to arrange transportation from the detention facility.

2. Respondent Warden's Motion to Dismiss (Doc. 7) is **DENIED**. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, *4–5 (M.D. Fla. Apr. 21, 2026).

3. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of September, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 9/14
c:
Ernesto Reyes Hernandez, #A232366341
Counsel of Record